IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Crim. No. 4:15-CR-00150 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| KYLE STEVENS, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
May 20, 2016

## I. INTRODUCTION

On March 29, 2016, a Grand Jury returned a five-count Superseding Indictment charging Defendant Kyle Stevens under Count One with assault with intent to commit murder in violation of 18 U.S.C. § 7(3) and 113(A)(3); under Count Two and Count Four with assault with a dangerous weapon in violation of 18 U.S.C. § 7(3) and 113(A)(3); and under Counts Three and Five with possessing contraband in prison in violation of 18 U.S.C. § 1791(a)(2). Counts One, Two, and Three relate to an alleged assault with a dangerous weapon and possession of contraband in prison occurring on February 5, 2015 while Counts Four and Five relate to a separate alleged assault with a dangerous weapon and possession of contraband in prison occurring on February 25, 2016.

1

Pending before the Court is a motion to sever Counts Four and Five from Counts One through Three pursuant to Federal Rules of Criminal Procedure 8 and 14.[1] In accordance with the following analysis, Mr. Stevens' motion is denied.

## II. BACKGROUND

Mr. Stevens, an inmate at United States Penitentiary at Lewisburg, is first charged with stabbing another inmate multiple times with a sharp piece of metal, known as a "shank," on February 5, 2015. The attack caused severe injuries to the victim, including a punctured lung.

One year later, on February 25, 2016, Mr. Stevens was involved in a second attack on a fellow inmate.[2] In this later incident, Mr. Stevens allegedly stabbed the victim multiple times with a metal shank. Like the February 2015 incident, the victim in the second attack suffered severe injuries, including a punctured lung.

## III. DISCUSSION

In sum, Mr. Stevens avers that the first three counts have been misjoined with the charges in the last two counts because those counts are different in character, not based on the same act or transaction as the first three counts, and are not connected or part of a common scheme or plan. Second, Mr. Stevens argues

---

[1] ECF No. 43.
[2] James Sweeny, another inmate, has also been charged in Count Four with aiding and abetting Mr. Stevens during this incident.

that Counts Four and Five should be severed pursuant to Rule 14.[3] He contends that keeping the counts together will create a substantial risk of prejudice if the same jury is to hear allegations relating to both incidents because it will increase the chances that he will be convicted of both offenses.

The government, on the other hand, argues that Counts Four and Five are of the same or similar character to Counts Two and Three and are thus appropriately joined. It further argues that all five charges should be joined to promote judicial economy, which is not outweighed by the risk of prejudice to Mr. Stevens.

### A. Joinder Under Rule 8

The indictment charges Mr. Stevens with five counts. The four relevant counts to the motion to sever are two counts of assault with a dangerous weapon (Counts Two and Four) and two counts of possessing contraband in prison (Counts Three and Five). Counts Two and Three concern the incident on February 5, 2015. Counts Four and Five relate to the incident on February 25, 2016.

Rule 8 provides that a defendant may be charged in separate counts with more than one offense if the offenses charged "are of the same or similar character, or a based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."[4] In other words, it requires a "transactional nexus"

---

[3] Rule 14 provides that "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trial, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

[4] Fed. R. Crim. P. 8(a).

between the joined offenses.[5] "The movant carries the burden of establishing improper joinder of offenses."[6] In deciding whether charges have been misjoined, the United States Court of Appeals for the Third Circuit has instructed courts to consider the indictment primarily and may look beyond the indictment only in limited circumstances to clarify the connection between the counts.[7]

In the case at bar, the government argues that the counts are properly joined because they are of the same or similar character. Mr. Stevens argues that the counts are not of the same or similar character because they involved completely different sets of facts, including separate individuals, separate alleged victims, separate witnesses, and occurred in separate years.

Circuit courts are split on how to analyze cases in which counts have been joined when they are of the same or similar character. At one side of the spectrum, the United States Court of Appeals for the Seventh Circuit held in *United States v. Coleman*[8] that courts should only consider temporal and evidentiary connectivity (or the "short-period-of-time/evidence-overlap formula") as a guide to joinder of offenses that form a common plan or scheme, not to offenses that are of same or similar character.[9] Instead, it found that the language in Rule 8(a) is a "clear directive to compare the offenses charged for categorical, not evidentiary,

---

[5] *U.S. v. Sanchez*, 2015 WL 1322260, *1 (M.D. Pa. March 24, 2015).
[6] *Id.* (citing *United States v. Avila,* 610 F.Supp.2d 391, 394 (M.D. Pa. 2009)).
[7] *U.S. v. McGill*, 964 F.2d 222, 242 (3d Cir. 1992).
[8] 22 F.3d 126 (7th Cir. 1994).
[9] *Id.* at 132-3.

4

similarities."[10] On the other side of the spectrum lie the United States Courts of Appeals of the First[11] and Ninth Circuits which adopt a "comprehensive review" of the same or similar character analysis and refuse to embrace the "Seventh Circuit's 'categorical' approach," claiming that it "wholly ignores factors relevant to the question of similarity, such as temporal proximity, physical location, modes of operation, identity of the victims, likelihood of evidentiary overlap," and other considerations.[12] While the Third Circuit has yet to take an affirmative stance,[13] Federal District Courts in Pennsylvania have applied the Seventh Circuit's approach.[14]

    Accordingly, I find that the counts are properly joined. Mr. Stevens has been charged with identical counts of assault with a dangerous weapon and possessing contraband in prison. Regardless of whether there was of temporal or evidentiary connectedness, the counts are properly joined under Rule 8(a).

---

[10] *Id.* at 134.
[11] *U.S. v. Natanel*, 938 F.2d 3001, 307 (1st Cir. 1991); *but see U.S. v. Melendez*, 301 F.3d 27, 35 (1st Cir. 2002)(found that charges involving incidents separated by two years were properly joined because they both were charges of possession of a controlled substance with the intent to distribute and because the controlled substance at issue was cocaine base.)
[12] *U.S. v. Jawara*, 474 F.3d 565, 577-8 (9th Cir. 2006).
[13] The Third Circuit does cite to *Coleman* in *U.S. v. Torres*, 251 Fed. Appx. 763, 764 (3d Cir. 2007). *Torres*, however, does not deal with a "same or similar character" analysis but a "common scheme or plan" analysis.
[14] *See U.S. v. Giles*, 2016 WL 47881, *4 (W.D. Pa. January 4, 2016)(citing *Coleman* in finding that the charged offenses were properly joined "regardless of any temporal or evidentiary dissimilarity between the two"); *see also U.S. v. Harris*, 2013 WL 626971, *2 (W.D. Pa. February 20, 2013); *U.S. v. Watson*, 2010 WL 1924474, *9 (E.D. Pa. May 6, 2010)(provides review of Pennsylvania cases in which joinder was proper under this analysis).

## B. Discretionary Severance Under Rule 14

In *Coleman*, the Seventh Circuit went on to explain that, because of the broad nature of Rule 8, courts must be vigilant of prejudice. The *Coleman* court indicates that "when offenses are joined because of their 'same or similar character,' the risk of unnecessary unfairness infiltrating the joint trial is elevated" and that "the district courts should be especially watchful for possible jury confusion, illegitimate cumulation of evidence or other sources of prejudice not worth the reduced efficiency gains of a joint trial."[15]

Rule 14 permits severance of offenses, even if properly joined, if the joinder "appears to prejudice a defendant."[16] Whether to sever is a determination within the sound discretion of the trial judge.[17] In making the determination, the trial judge must consider what trial developments are foreseeable at the time the motion to sever is made.[18] "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."[19] Even if a judge is found to have abused his or her discretion in denying a motion to sever, a conviction will not be overturned unless the appellant

---

[15] *Coleman*, 22 F.3d at 134 (internal quotations omitted).
[16] Fed. R. Crim. P. 14(a).
[17] *U.S. v. Reicherter,* 647 F.2d 397, 400 (3d Cir. 1981).
[18] *U.S. v. Eufrasio,* 935 F.2d 553, 568 (3d Cir. 1991).
[19] *Zafiro v. U.S.*, 506 U.S. 534, 538-39 (1993).

meets the "heavy burden" of demonstrating "clear and substantial prejudice resulting in a manifestly unfair trial."[20]

Mr. Stevens argues that the potential for prejudice is substantial in this case given the nature of the charges, which involve violent crimes committed by an inmate. He argues that the more wrongdoing he is accused of, the more likely the jury will think that he must be guilty of something. The danger, according to Mr. Stevens, is that the multiple counts will function as character evidence for the other counts. Specifically, the jury will believe that if Mr. Stevens committed one assault and was in possession of a weapon on one occasion, he must have committed the other because the jury would be unable to segregate the facts of each incident.

I find, however, that it is unlikely that the jury would have difficulty keeping the charges separate in this case. The charges stem from only two incidents, each with straight-forward, uncomplicated facts. The charges are clearly of similar character: Mr. Stevens allegedly used a shank to stab another inmate multiple times. While the victims and witnesses are not the same, Mr. Stevens' alleged acts are. Even the injuries resulting from the alleged attack are similar in both victims.

Additionally, while there is some risk that the jury could perceive some evidence of one offense as evidence of Mr. Stevens' propensity to commit the other, that evidence is clearly inadmissible for that purpose under Federal Rule of

---

[20] *Id.* at 568.

Evidence 404(b).[21] Limiting jury instructions are commonly used to shield against prejudice and will be a sufficient safeguard in the case at bar.[22]

## IV. CONCLUSION

In accordance with the foregoing reasoning, Mr. Stevens' motion to sever is denied.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[21] "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).
[22] *See Zafiro*, 506 U.S. at 539.